IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | EP-07-CR-87-KC |
| LUIS POSADA CARRILES, | § | |
| Defendant. | § | |

**ORDER REGARDING BILL OF PARTICULARS AS TO COUNT THREE**

On this day, the Court considered Defendant Luis Posada-Carriles's "[Motion for a] Bill of Particulars as to Count Three" ("Mot.") (Doc. No. 254). For the reasons set forth herein, the Motion is **GRANTED**.

A bill of particulars is a "formal, detailed statement of the claims or charges brought by . . . a prosecutor." BLACK'S LAW DICTIONARY 177 (8th ed. 2004). Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits." FED. R. CRIM. P. 7(f). Once the government provides a defendant with a bill of particulars, it is bound by the information in the bill and may not present materially different information at trial, but the government may on motion amend the bill of particulars, as justice may require. *See id.*; *see also* 24 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 607.07[1] (3d ed. 2008).

1

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977); *see also United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006). Certain types of cases, such as those concerning "[o]ffenses using loose concepts," provide "a stronger case for a bill of particulars." WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 19.4(d) (5th ed. 2009). A court must consider a defendant's need for information while mindful that the bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). Whether to grant a bill of particulars is within a trial court's sound discretion; for practical purposes, the trial court's decision is almost invariably final. *See Mackey*, 551 F.2d at 970; *see also United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (Determination of whether a bill of particulars is needed is "seldom subject to precise line drawing.").

In this instant case, Count Three of the Superseding Indictment (Doc. No. 133) charges Posada with "Obstruction of Proceedings Before Department and Agencies," under 18 U.S.C. § 1505. The Court observes that the text of Count Three of the Superseding Indictment alleges that Posada "provided false information in written submissions and in response to questions during interviews, to immigration officials . . . as well as claiming on numerous occasions that he did not recall certain statements he made during an interview [with a newspaper reporter] . . . and that he did not understand the English language." While the text refers back to the highly specific allegations in Counts One and Two, it expressly does not limit the scope of Count Three

to those events, and it provides no further detail to help identify which items of information were false, which submissions contained them, which questions and answers were false, and at which interviews those questions were propounded and responses obtained. The "numerous occasions" on which Posada allegedly falsely denied knowledge of the English language or knowledge a specific interview with a newspaper reporter are not identified in any way. The time frame of this Count, which is "on or about May 18, 2005, though on or about August 31, 2005," encompasses approximately three and a half calendar months, and is too broad to sufficiently identify these matters by time alone.

The government argues, in its "Response to Defendant's Motion for a Bill of Particulars as to Count Three" ("Resp.") (Doc. No. 272), that the information requested by Posada "is already in his possession." Resp. ¶ 2. Specifically, the government points to the preamble to the Superseding Indictment, and the already-furnished discovery materials, as providing the specific and limiting information that identifies the particular events at issue in Count Three. *Id.* ¶¶ 2-4. These arguments are unconvincing. While the preamble to the Superseding Indictment mentions several events in the date range at issue in Count Three, it identifies *no* specific "interviews with immigration officials" that took place during that period (understanding "interviews" to be different than the official hearings in Immigration Court), describes no events which one could identify with the allegedly "numerous occasions on which Posada Carriles" denied recalling the prior newspaper reporter interview and knowledge of English. It mentions only *one* written submission that Posada Carriles made to the immigration agency during that time (the June 13, 2005 application for asylum and withholding of removal) – while Count Three alleges that he made "submissions" (plural) that contained false information. Moreover, nothing in Count

3

Three, Counts One and Two (incorporated by reference into Count Three) or the preamble identify the nature of the information that Posada allegedly "withheld" from the Immigration Judge at his August 30, 2005 hearing – as opposed to the specifically-identified affirmative statements, allegedly false, which he propounded.

Relying on the already-produced discovery documents, which is the government's second argument as to why a bill of particulars is unnecessary, is also unconvincing. These documents are apparently voluminous; asking the defense to comb through such a quantity of material, and infer which potentially minor or obscure events – falling inside a three and a half month window – the government has a mind to prosecute, is unreasonable. *See* Def.'s Reply to Gov't's Resp. to Mot. for Bill of Particulars" ("Reply") 4 (Doc. No. 281) (noting the large volume of discovery documents). Leaving the defense to puzzle out such a conundrum will impede its preparation and provide opportunity for surprise at trial – things that a bill of particulars is supposed to prevent.

For the reasons set forth above, the Court **GRANTS** the Motion for a Bill of Particulars. The Court therefore **ORDERS** the Government to file a bill of particulars, which shall conform with the purposes and policies noted above, within ten (10) days of the date of this Order.

**SO ORDERED**.

**SIGNED** on this 20th day of January 2010.

_Kathleen Cardone_
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE