# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | EP-07-CR-87-KC |
| LUIS POSADA CARRILES, | § | |
| Defendant. | § | |

# ORDER

On this day, the Court considered Posada's "Under Seal Motion to Dismiss Count I of the Superseding Indictment" ("Motion") (Doc. No. 268). For the reasons set forth herein, the Motion is **DENIED**.

Count I of the Superseding Indictment charges that Posada made false statements under oath, in violation of 18 U.S.C. § 1621(1), when he denied that he was involved in "soliciting" other individuals to carry out a bombings in Cuba. Superseding Indictment 3-4 (Doc. No. 133). Specifically, Count One refers to the question posed by the examiner to Posada, "[A]re you stating that the comments made by [a journalist] in the New York Times article, that you were involved in soliciting others, other individuals to engage in these bombings is not true?" Posada responded, "I am saying that is not true."

Posada, relying on *Bronston v. United States*, 409 U.S. 352 (1973), argues that Count One should be dismissed because his alleged perjured response was literally true. Mot. 4-5. Posada explains that the article written by the *New York Times* reporter, as well as the recordings of the

1

conversation between him and the reporter, never state that Posada "solicited" any individual to carry out the Cuba bombings. *Id.* at 4.

The Court finds *Bronston* inapposite to this case. In *Bronston*, the defendant was charged with perjury under 18 U.S.C. § 1621 for answers that he gave at a bankruptcy hearing. *Bronston*, 409 U.S. at 353-54. At the hearing, the defendant was asked whether he currently had any Swiss bank accounts, to which the defendant answered, "No." *Id.* at 354. Next he was asked whether he ever had any Swiss accounts, to which he answered, "The company had an account there for about six months, in Zurich." *Id.* In fact, the defendant had kept an account in Zurich in the past and the jury returned a guilty verdict based upon this statement. *Id.* at 354-55. The United States Supreme Court reversed the perjury conviction based upon this statement because the defendant's answer about the company's Swiss bank accounts was "literally true but not responsive to the question asked [whether he ever had any Swiss accounts] and arguably misleading by negative implication." *Id.* at 352, 362.

The Fifth Circuit has elaborated on *Bronston* in *United States v. Fulbright*, 804 F.2d 847 (5th Cir. 1986). In *Fulbright*, the defendant was asked, during his grand jury testimony, whether he had met with a particular individual in New Orleans. *United States v. Fulbright*, 804 F.2d 847, 850 (5th Cir. 1986). The defendant denied such a meeting; nevertheless, a jury convicted the defendant of perjury. *Id.* Relying on *Bronston* on appeal, the defendant argued that his statement was literally true because he had met with the individual, not in the city of New Orleans, rather in a suburb of that city. *Id.* at 850-51. The Fifth Circuit disagreed and explained that "an answer that is responsive and false on its face does not come within *Bronston*'s literal truth analysis simply because the defendant can postulate unstated premises of the question that

2

would make his answer literally true." *Id.* at 851 (citing *United Sates v. Cuesta*, 597 F.2d 903, 920 (5th Cir.), *cert denied*, 444 U.S. 964 (1979)).

In this case, Posada clearly answered the examiners in the negative. Specifically, Posada first answered "No" and then, "I am saying that is not true." Such an answer could not constitute the type of literally true yet unresponsive answer to the question asked of *Bronston*. The situation is closer to that in *Fulbright*. Posada's clear, negative response to the question asked is responsive, as was the answer in *Fulbright*.

In *United States v. Bell*, the Fifth Circuit explained that "the answer [in *Bronston*] was a full, explanatory sentence, the truthfulness of which could be determined without reference to the question." *United States v. Bell*, 623 F.2d 1132, 1136 (5th Cir. 1980). The perjured answer at issue in *Bell*, however, was the word "no." *Id.* at 1135-36. The Fifth Circuit explained that *Bronston* was not relevant because the truthfulness of the answer "no" could only be determined by first considering the question asked. *Id.* at 1136. As in *Bell*, the truthfulness of Posada's answers "no" and "I am saying that is not true" can only be determined by first looking to the question asked. *See id.*; *see also Cuesta*, 597 F.2d at 920 ("Similarly, *Bronston* does not deal with the situation where a defendant has given a "yes or no" answer, the truth of which can be ascertained only in the context of the question posed."). In this case, the veracity of Posada's answers are intertwined with the questions posed and do not constitute the type of answer in *Bronston* – literally true but unresponsive.

The Court disagrees with Posada's additional argument that his negative response to the questions in Count One must be true because the *New York Times* article and related interview recording do not use the word "solicit." "Solicit," as used by the questioner, is not a term of art,

3

nor does the meaning of the questions asked turn upon that precise word. Further, whether Posada understood the meaning of the word "solicit" due to an ambiguity, is a separate issue – one that is within the province of the jury. *Bell*, 623 F.2d at 1136 (explaining that the defendant's understanding of the question is a matter for the jury to decide and collecting cases).

For the reasons set forth above, Defendant's Motion (Doc. No. 268) is **DENIED**.

**SO ORDERED**.

**SIGNED** on this 21st day of January 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE