IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | EP-07-CR-00087-KC |
| § | |
| LUIS POSADA CARRILES § | |

## ORDER

On this day, the Court considered the government's "Motion Under Federal Rule of Criminal Procedure 15 to Depose Prospective Foreign Witnesses," ECF No. 540 ("Motion"). For the reasons set forth below, the Motion is **DENIED**.

## I.     BACKGROUND

On December 3, 2010, the government filed the instant motion asking the Court to authorize the depositions of two prospective witnesses who are currently imprisoned in Cuba, Otto Rene Rodriguez Llerena ("Rodriguez") and Francisco Chavez Abarca ("Chavez"). Mot. 1. Specifically, the government states that:

> since January 2010, the United States has been in discussions with [the government of Cuba] to determine whether [the government of Cuba] would consider allowing Otto Rodriguez and/or Francisco Chavez to travel to the United States and be witnesses at the defendant's trial. On November 23, 2010, in regard to both Otto Rodriguez and Francisco Chavez, a representative of the United States Department of State received notice from a representative of [the government of Cuba] that it "would not be in a position to make them available to appear at trial in the United States," but that it would consider making Otto Rodriguez available for deposition to be taken in Havana, Cuba.

*Id.* at 4.

The government proposes that it travel to Cuba along with defense counsel to take the depositions of Rodriguez and Chavez. *Id.* at 8. The government seeks to take the depositions in the presence of the Court by transmitting the proceeding by video link. *Id.*

**II.     DISCUSSION**

Federal Rule of Criminal Procedure 15(a) states in relevant part that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). A court has "broad discretion" in considering Rule 15(a) motions and in determining whether "exceptional circumstances" exist. *United States v. Allie*, 978 F.2d 1401, 1405 (5th Cir. 1992) (citing *United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991)). The Fifth Circuit has held that "in the interest of justice" requires evidence that is material. *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994) (citation omitted).

Upon due consideration, the Court finds that no exceptional circumstances exist nor do the interests of justice require taking these depositions in this case. The government's request is onerous and untimely as it comes very late in this case, approximately five weeks prior to trial, three weeks prior to trial when considering Defendant's timely Response filed on December 16, 2010. Further, the depositions are to take place in Cuba, a country which has no formal diplomatic relations with the United States, and has previously refused defense counsels' requests for permission to visit as part of their preparation for this case. *See* Resp. 4-5.

Moreover, this case was previously set to begin jury selection on February 26, 2010. Prior to that trial date, at the February 5, 2010, status conference, the government made no mention of its desire to take these depositions, nor did the government ask for a continuance of the trial date for that purpose. The government has known of the existence of Rodriguez and the information he allegedly possesses for many years, having interviewed Rodriguez in December 2006 and January 2010. Mot. 2. That the government seeks to take these depositions now when

it did not seek to do so previously raises serious doubts about the existence of exceptional circumstances. And, while it is certainly possible that intervening events could have changed the government's need for the introduction of Rodriguez's and Chavez's deposition testimony, the government has not set forth any explanation as to why it requires these depositions now when it did not in February 2010.

The discovery, dispositive, and substantive motions deadlines in October 2009 have long since passed. *See* Order for Continuance and Amended Sched. Order, June 10, 2009, ECF No. 147. Accordingly, the Motion is also denied as untimely. *See United States v. Aggarwal*, 17 F.3d 737, 742 (5th Cir. 1994) (affirming the district court's denial of a Rule 15(a) motion as untimely because it was filed one month after the court's pretrial motion deadline).

The Court finds it unusual, and important to note, that the government has not actually represented that it has received permission from the government of Cuba to depose Rodriguez.[1] The government only avers that the government of Cuba "would consider making Otto Rodriguez available for deposition to be taken in Havana, Cuba." Mot. 4. That the government of Cuba would "consider" making Rodriguez available is far from a commitment and is an insufficient indication that this deposition would ever take place, let alone take place prior to the rapidly approaching trial date. Thus, even were the Motion timely, the Court would be reluctant to grant it because the request is premised on a contingency, and because preparation would be onerous to both the Court and defense counsel, especially in light of the short time to trial.

---

[1]Indeed, as to Chavez, the government affirmatively represents that the government of Cuba will *not* make Chavez available to the prosecution to take his deposition. Mot. 3-4. Thus, the government's request, at least as to Chavez, strikes the Court as somewhat bizarre.

### III. CONCLUSION

For the reasons set forth above, the government's Motion is **DENIED**.

    **SO ORDERED**.

    **SIGNED** on this 21st day of December, 2010.

*/s/ Kathleen Cardone*
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE